**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gasper Torres HERNANDEZ, Defendant–Appellant.**

**No. 10–10367.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 19, 2011.

Filed July 27, 2011.

Michelle Kathleen Spaven, Assistant U.S. Attorney, USTU–Office of The U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roger H. Sigal, Esquire, Law Office of Roger H. Sigal, Tucson, AZ, for Defendant–Appellant.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.*

## MEMORANDUM **

On October 29, 2009, defendant Gasper Torres–Hernandez was arrested in Arizona and charged with one count of illegal re-entry, in violation of 8 U.S.C. § 1326(a). Torres–Hernandez pled guilty without the benefit of a plea agreement in the District Court for the District of Arizona (Collins, J.), which thereafter sentenced him to a 30–month term of incarceration. We affirm.

Viewing the record as a whole, it is clear that the district court did consider, under 18 U.S.C. § 3553(a), Torres–Hernandez's motive for returning to the United States. Moreover, the district court adequately explained that this consideration was the reason for its downward departure from the Guidelines range of 51 to 63 months. *See United States v. Autery,* 555 F.3d 864, 869–870 (9th Cir.2009). Finally, the Court concludes that, in light of the totality of circumstances and the factors set forth in 18 U.S.C. § 3553(a), the district court's sentence was substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

The Court has considered all of Torres–Hernandez's other arguments and found them to be without merit.

**AFFIRMED.**

---

* The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.